[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Bridgeport, Connecticut on August 22, 1969. There are three children issue of the marriage, Marie born February 16, 1980, and John and Anthony, twins, born July 22, 1985. CT Page 2583
The marriage has broken down irretrievably with no hope of reconciliation. It is dissolved.
Both parties are at fault for the breakdown. They argued constantly, and failed to compromise on anything. The biggest problem is a lack of communication. When the defendant told the plaintiff she was pregnant again after Marie was born he went into a rage and told her to get rid of it. She did, and, when he was told she had the abortion, he was flabbergasted because he did not want her to have an abortion. That incident is apparently illustrative of their whole problem.
The parties shall have joint custody of the children who shall reside with the defendant. The plaintiff shall have reasonable and flexible rights of visitation. The parties shall alternate holidays in a manner to be agreed on. The plaintiff shall be entitled to visitation with the children for two weeks in the summer at a time to be agreed on. If the parties cannot agree upon the visitation schedule, the matter is referred to the Family Relations Office for mediation.
The plaintiff shall convey his interest in the family residence at 26 Darrin Drive, Huntington, Connecticut to the defendant, who shall take the property subject to existing mortgages thereon. The defendant shall be responsible for all payments on the first and second mortgages from the date of dissolution forward and shall indemnify and hold the plaintiff harmless from any claim which may arise subsequent to the dissolution date with respect to said first and second mortgages. The defendant shall be entitled to receive the rental income from the basement apartment and her receipt of such income shall not be considered a substantial change of circumstances entitling the plaintiff to a modification of his alimony and child support obligation.
The plaintiff shall retain all of his right, title and interest in the 176 William Street property in Bridgeport, Connecticut. The defendant shall relinquish any and all claims that she has now or in the future to said property. The plaintiff shall be entitled to receive the rental income from the in-law apartment. The plaintiff shall indemnify and hold harmless the defendant from any liability in connection with said property.
Within a reasonable time from the dissolution date but not more than three months thereafter the plaintiff shall bring current all payments due on the second mortgage on the Darrin Drive property for which he was responsible under the pendente lite order and which is in arrears in the amount of CT Page 2584 $9,860 as of January 24, 1991. The plaintiff shall indemnify and hold the defendant harmless from any and all expenses incident to any foreclosure action on the Darrin Drive property arising from the plaintiff's failure to bring current the aforesaid payments due on the second mortgage.
The plaintiff shall indemnify and hold the defendant harmless from any and all liability or expenses incurred in connection with any improvements he made or caused to be made in the Darrin Drive property for which he failed to obtain proper permits from the City of Shelton.
Each of the parties shall keep all personal property in his or her own name, including automobiles. The defendant shall indemnify and hold the plaintiff harmless from any liability in connection with any payments due on the Dodge Caravan.
The plaintiff shall pay the sum of $420 per week as unallocated alimony and child support until the minor child Marie, becomes 18, at which time the payment shall decrease to $350 per week unallocated. When the twins, Anthony and John become 18, the plaintiff shall pay alimony to the defendant in the amount of $150 per week until her death, remarriage or cohabitation within the meaning of the statute. The plaintiff also shall pay the arrearage of $2,586 of unpaid alimony and child support in the additional amount of $50 per week.
The plaintiff shall maintain health insurance for the benefit of the children and he shall cooperate with the plaintiff in order to provide her health insurance pursuant to COBRA. The defendant shall be responsible for the payment of her health insurance premiums.
The parties shall split equally the cost of all uninsured medical and dental expenses, including but not limited to orthodontic, ophthalmologic, pharmaceutical, surgical, hospital, nursing, psychological and psychiatric expenses incurred for the minor children until each of the children become 18.
The plaintiff shall be responsible for all the debts listed on his Financial Affidavit and shall indemnify and hold harmless the defendant from any liability in connection therewith. The defendant shall be responsible for all the debts listed in her Financial Affidavit and shall indemnify and hold harmless the plaintiff for any liability in connection therewith. CT Page 2585
The parties shall file joint tax returns for 1988 and 1989. The plaintiff shall pay all taxes due and owing and any penalties or fees incurred in connection with said tax returns. The parties shall share equally any refund in connection with said tax returns.
The plaintiff may take the minor child Marie as an exemption for tax purposes and the defendant may take the twins John and Anthony as exemptions for tax purposes.
The plaintiff shall maintain life insurance in the amount of $200,000 designating the minor children as beneficiaries for so long as he is obligated for their support pursuant to this memorandum of decision.
The plaintiff shall have a reasonable time to remove his tools and other personal property items from the 26 Darrin Drive property.
Each party shall pay the fees of their own attorneys in this action.
The parties shall share equally the cost of any unreimbursed medical expenses for the minor children for care rendered prior to the date of judgment.
THOMAS J. O'SULLIVAN, TRIAL REFEREE